**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20934
(Summary Calendar)

GARY JOSEPH FREEMAN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-729

February 5, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Gary Joseph Freeman, Texas prisoner #582026, was granted a certificate of appealability to

appeal the district court's denial of his claim in his 28 U.S.C. § 2254 petition that the state appeals

court violated the Ex Post Facto Clause of the Constitution when it applied the standard of review

for sufficiency of the evidence claims set forth in Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1991) (en banc), <u>overruled on other grounds</u>, <u>Paulson v. State</u>, 28 S.W.3d 570 (Tex. Crim. App. 2000) (en banc), to conduct that occurred before <u>Geesa</u> was announced.

Upon review of a habeas petitioner's challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In <u>Geesa</u>, Texas changed its standard of appellate review for insufficiency of the evidence claims to comport with this minimum constitutional standard by ho lding that "circumstantial cases are to be analyzed solely under the standard of <u>Jackson v. Virginia</u>." <u>Geesa</u>, 820 S.W.2d at 163. In so doing, Texas eliminated the "reasonable hypothesis analytical construct," under which appellate courts were required to find with respect to circumstantial evidence that every other reasonable hypothesis raised by the evidence was negated, save that which established the guilt of the defendant. <u>See Geesa</u>, 820 S.W.2d at 158-61.

Freeman correctly notes that the Texas Court of Criminal Appeals clearly stated that "the new rule[] at issue compels the conclusion that justice is best served by an application of 'limited prospectivity.'" <u>Id.</u> at 165 (stating that "application of the rules will be limited to the case at bar and all cases tried *hereafter*") (emphasis added). Although Freeman's trial preceded <u>Geesa</u>, we are persuaded that the Texas Court of Appeals did not commit an error of constitutional magnitude when it subsequently reviewed Freeman's conviction solely under the <u>Jackson</u> standard rather than under the reasonable hypothesis analytical construct. <u>See Freeman v. State</u>, No. 01-91-00123-CR, 1994 WL 276702, at *2 (Tex. App.-Houston [1ˢᵗ dist.], June 23, 1994).

Our conclusion is predicated upon two principal grounds. First, a law that neither alters the degree nor lessens the amount or measure of the proof that was made necessary to conviction when

2

the crime was committed does not offend the constitutional proscription of ex post facto laws. Carmell v. Texas, 529 U.S. 513, 120 S. Ct. 1620, 1638, 146 L. Ed. 2d 577 (2000); see also United States v. Mejia, 844 F.2d 209, 211 (5th Cir. 1988) (concluding that no ex post facto violation occurs if the change in law does not increase the punishment, nor change the ingredients of the offense or the ultimate acts necessary to establish guilt). Because Hankins v. State, 646 S.W.2d 191, 199 (Tex. Crim. App. 1983), which was decided well before Freeman's trial, repudiated the jury charge that required the exclusion "to a moral certainty, [of] every other reasonable hypothesis except the defendant's guilt" in criminal cases based upon circumstantial evidence, the Geesa prohibition against using the reasonable hypothesis analytical construct during appellate review in no way affected the degree of proof requisite for a jury to convict Freeman– the prosecution had to prove every element of the charges against Freeman beyond a reasonable doubt. See Hankins, 646 S.W.2d at 198 (citing Holland v. United States, 348 U.S. 121, 140, 75 S. Ct. 127, 137, 99 L. Ed. 150 (1954)).

Moreover, while the Texas Court of Criminal Appeals recognized that states are free to set higher standards of review for sufficiency of the evidence challenges, it also acknowledged that the standard enunciated in Jackson v. Virginia is binding on states as a constitutional minimum. See Geesa, 820 S.W.2d at 157, 166-67 (stating that the Jackson v. Virginia standard "was intended to be 'the constitutional minimum required to enforce the due process right'"). Therefore, when the Texas Court of Appeals considered the circumstantial evidence to determine whether a rational fact finder could have found that Freeman committed a burglary beyond a reasonable doubt, it not only relied on Geesa but also reasonably applied Jackson v. Virginia- clearly established federal law as announced by the Supreme Court of the United States. Thus, the district court was correct in denying Freeman's habeas petition. See 28 U.S.C. § 2254 (d) (stating that "a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"). Accordingly, we AFFIRM the district court's denial of Freeman's habeas petition.

AFFIRMED.